**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NEIL JOHNSON, | ) | CASE NO.  4:12cv2038 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| O'DELL EARGLE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Neil Johnson filed this *Bivens* action under 42 U.S.C. § 1983 against Elkton Federal Correctional Institution ("FCI-Elkton") Special Housing Unit Counselor O'Dell Eargle. In the complaint, plaintiff alleges defendant impeded his ability to review his legal materials, thereby denying him access to the courts. He seeks injunctive and monetary relief.

**Background**

At the time plaintiff filed this action, he was housed in the Special Housing Unit ("SHU") at FCI-Elkton after committing an assault. He was subsequently transferred to FCI-Edgefield in North Carolina. As plaintiff's Unit Counselor, defendant was responsible for ensuring that plaintiff could access his legal materials which were stored in the SHU along with his personal property. The defendant was also responsible for providing plaintiff with grievance forms.

Plaintiff contends that, when he was placed in the SHU on February 24, 2012, he had a BP-8 grievance pending. He filed the grievance to contest the reduction in pay grade for his prison employment. He indicates he gave the BP-8 form to defendant on

February 5, 2012. BP-8 grievances are supposed to be answered within fourteen days. Plaintiff claims he did not receive the answer within the specified time period and requested a BP-9 grievance form from the defendant to pursue his grievance at the next level. Plaintiff claims the defendant told him he would look into the matter but never responded to plaintiff's request or gave him the BP-9 form. Plaintiff indicates that after several attempts to get the BP-9 form from the defendant, he sought assistance from the Unit Manager at FCI-Elkton. He contends he did not receive the requested relief, and sent letters to the Bureau of Prisons ("BOP") Regional Director and the BOP Central Office. The BOP officials told him he needed to pursue his grievance through the proper channels at the institutional level.

Plaintiff further alleges that, prior to being placed in the SHU, he received a briefing schedule from the United States Sixth Circuit Court of Appeals for *Johnson v. Shartle*, No. 11-3910 (6th Cir. filed August 9, 2011). He indicates he was required to file his appeal brief by March 23, 2012. Plaintiff asked defendant through the institutional mail for access to his legal materials to prepare his brief. Defendant did not respond to the letter.

Plaintiff filed a motion for extension of time in the Sixth Circuit informing the court of his inability to access his legal materials. His motion was granted and plaintiff was given until April 23, 2012 to file his brief. After receiving his extension, plaintiff sent another "inmate request to staff" form to defendant through the institutional mail. He informed the defendant of his new deadline and again asked for assistance in accessing his legal materials from storage. When he had not heard from the defendant by April 6, 2012, plaintiff sought assistance from the defendant's supervisor, Mr. Fekete. He sent another

inmate request to staff form to the defendant on April 8, 2012 asking for assistance in accessing his legal materials. Plaintiff sent a letter to the Sixth Circuit on April 9, 2012 asking for another extension. The court granted the motion in part, giving plaintiff an additional 15 days to file his brief. Plaintiff contends his brief was due on May 14, 2012.

Plaintiff indicates he saw the defendant in the SHU and informed him that he required access to his legal materials to comply with the court's deadline. The defendant told plaintiff he would provide the materials to him at the first opportunity he had to go to storage; however, seven days passed and plaintiff did not receive his legal materials.

Plaintiff heard the defendant speaking to another inmate in the SHU and called him to his cell. At that time, he told the defendant he had been granted an extension until May 14, 2012 but could not request another extension. He indicates the defendant did not provide the legal materials.

The Associate Warden was making his rounds through the SHU on May 4, 2012 and plaintiff spoke with him about the problem of accessing his legal materials. The Associate Warden advised him to contact another Unit Manager, Garland, to provide plaintiff with his legal materials. Plaintiff contacted Garland and Garland provided him with the material he needed. Plaintiff was therefore able to comply with the Sixth Circuit's briefing deadline. The appeal is now fully briefed and is awaiting a decision by the Court of Appeals.

At the same time, plaintiff had an action pending on appeal to the United States Court of Appeals for the Second Circuit. *See Johnson v. Killian*, 680 F.3d 234 (2d Cir. 2012). He was one of ten prisoners who filed a civil rights action in the United States

District Court for the Southern District of New York in July 2007. Plaintiff's claims against all but one defendant were dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e. The remaining defendant was granted summary judgment against the plaintiff on August 20, 2010. Plaintiff appealed both dismissals. On April 28, 2011, the Second Circuit dismissed the portion of plaintiff's appeal that did not concern exhaustion of administrative remedies. On May 16, 2012, the court reversed the judgment of the district court on the issue of exhaustion and remanded the action for further consideration of the merits of plaintiff's claims.

Plaintiff decided to file a petition for rehearing pertaining to the claim dismissed on its merits. He claims defendant came to his cell on May 24, 2012 to discuss an unrelated matter. He contends he showed defendant the court's decision and indicated he wished to file a petition for rehearing. He informed the defendant he would need his legal materials to do so. He claims the defendant told him he had a meeting with the SHU lieutenant and would return to discuss the matter. Plaintiff indicates he has not seen the defendant since that time.

Plaintiff alleges the SHU lieutenant was making his rounds through the unit several days later and plaintiff requested a meeting. He asked the lieutenant about his conversation with the defendant and inquired about the status of his request for legal materials. He was told that the lieutenant had not met with the defendant and was unfamiliar with plaintiff's request for access to his legal materials. He advised plaintiff to contact the SHU property officer and indicated he would email the defendant for the plaintiff. He

4

indicated the defendant would bring the materials to plaintiff within two days. Plaintiff alleges the defendant did not bring his materials to him as promised.

Plaintiff contends Unit Counselor Garland was in the SHU making rounds on May 25, 2012. He requested assistance from Garland but Garland referred him to the defendant. He spoke to his unit case manager, Ms. Lewis, and a case manager from another unit, Mrs. Steiner. Both offered to contact the defendant with the request.

Plaintiff filed a motion for enlargement of time with the Second Circuit to extend the deadline for filing a petition for rehearing. The motion was granted on July 12, 2012. Plaintiff was unable to retrieve his legal materials and filed his petition for rehearing in the Second Circuit on July 11, 2012. He claims he complained to the Associate Warden about the difficulties he was having with the defendant. The Associate Warden directed him to Garland who indicated he would speak with Fekete. Plaintiff contends Fekete has been made aware of the situation on previous occasions and has not acted to resolve the problem.

Plaintiff asserts two claims for relief. First, he asserts the defendant denied him access to the necessary grievance forms to redress his grievance with the BOP. Second, he asserts the defendant hindered his right of access to the courts. He seeks injunctive relief in the form of an order to the defendant requiring him to provide plaintiff with grievance forms and with access to his legal materials to all pending actions when necessary. He also seeks nominal damages in the amount of $1.00 and punitive damages in the amount of $50,000.00.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff.

## Analysis

Plaintiff asserts two claims for relief: one for denial of access to the grievance system and one for hindering access to the courts. As an initial matter, there is no

6

independent right of access to the prison grievance system. *See Walker v. Michigan Dep't of Corr.*, No. 04-1347, 2005 WL 742743, at *4 (6th Cir. April 1, 2005); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Because there is no inherent constitutional right to an effective prison grievance procedure, a prison official's failure to facilitate the grievance process, alone, does not implicate the First Amendment right of access to the courts. *Walker*, No. 2005 WL 742743, at *4; *Young v. Gundy,* No. 01-2111, 2002 WL 373740, at *2 (6th Cir. Mar. 7, 2002); *Antonelli*, 81 F.3d at 1430-31; *Adams v. Ri*ce, 40 F.3d 72, 75 (4th Cir. 1994). The defendant is not liable for failing to act on plaintiff's BP-8 informal grievance or for failing to provide him with the proper BP-9 grievance forms. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008).

A defendant may be liable, however, for frustrating a prisoner's First Amendment right to access the courts if his actions preclude the plaintiff from litigating certain types of claims. To state a claim for denial of access to the courts, plaintiff must allege that particular actions of the defendant prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access to the courts is directly related to an underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff must therefore "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In other words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous and that it was frustrated or

impeded by the defendant. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint[.]" *Christopher*, 536 U.S. at 415.

In this case, plaintiff has not demonstrated that he suffered an actual injury to an underlying non-frivolous claim due to the defendant's failure to process grievances or to provide plaintiff access to his legal materials. Plaintiff describes three incidents in which the defendant failed or refused to act to assist him. The first of these incidents concerns the defendant's alleged failure to provide a BP-9 grievance forms so that plaintiff could pursue grievances pertaining to the reduction in his pay grade in his prison employment and the denial of access to his legal materials. The second incident concerns the defendant's alleged failure to provide legal materials so that plaintiff could file a brief in his appeal of the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Sixth Circuit. The third incident involved the defendant's alleged failure to provide plaintiff access to his legal documents so that plaintiff could file a petition for rehearing in the Second Circuit to ask that court to reconsider denial of one of his assignments of error.

In the first instance, the grievance pertaining to his pay grade for prison employment is legally frivolous. A prisoner has no constitutional right to prison employment or a particular prison job. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989). If the plaintiff had successfully grieved his reduction in pay, and had filed an action in federal court asserting that claim, it would be dismissed as lacking an arguable basis in law. The defendant's refusal to provide grievance forms to plaintiff did not prevent him from pursuing a non-frivolous civil rights claim and, therefore, did not result in a denial of access

to the courts.

Plaintiff also contends the defendant impeded his attempts to file a grievance pertaining to the defendant's refusal to accommodate his access to his legal materials. That claim is one of the causes of action asserted in this case. The fact that this Court is addressing that claim indicates he was not denied access to the courts.

Plaintiff's second access to the courts claim pertains to the defendant's alleged failure to provide legal materials so that plaintiff could file a brief in the Sixth Circuit. Although the defendant's inaction arguably made it difficult for plaintiff to file his brief, he was able to do so with the help of another Unit Counselor. The matter is fully briefed and is pending before the court of appeals, awaiting a decision. Plaintiff did not suffer an injury to an underlying non-frivolous claim and was not, therefore, denied access to the courts.

Similarly, plaintiff contends he was hindered by defendant in his efforts to file a petition for rehearing in the Second Circuit. The Second Circuit reversed the decision of the district court on all but one claim and remanded the case. Plaintiff provides no information on the basis for his petition for rehearing. It is difficult therefore to ascertain if the claim asserted in that petition was non-frivolous. Moreover, while plaintiff claims the defendant did not comply with his request for his legal materials, he was able nevertheless to file his petition for rehearing. He does not indicate that the defendant's actions prevented him from pursuing a non-frivolous claim in a civil rights action and was not, therefore, denied access to the courts.

Finally, plaintiff seeks injunctive relief to prevent the defendant from barring

his access to his legal materials in the future. Plaintiff, however, was transferred from FCI-Elkton to FCI-Edgefield in North Carolina. A prisoner's claim for injunctive relief becomes moot when the prisoner is no longer confined at the prison where the claim allegedly arose. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). As the plaintiff is no longer at FCI-Elkton and the defendant is no longer the plaintiff's Unit Counselor, his claim for injunctive relief is moot.

## Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

Dated: December 27, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.